IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ismail Dickerson,<br><br>　　　PLAINTIFF,<br><br>　vs.<br><br>The State of South Carolina, County of Charleston, Sheriff Al Cannon, Al Cannon Detention Center, and City of North Charleston for the actions of the Al Cannon Detention Center and Officers,<br><br>　　　DEFENDANTS. | Case No. 1:17-cv-03279-TLW<br><br><br>**Order** |

Plaintiff Ismail Dickerson, proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983 alleging various claims against the Defendants, who allegedly injured, mistreated, and falsely imprisoned Plaintiff during his incarceration. ECF No. 1. The matter now comes before the Court for review of a Report and Recommendation (R&R) filed on December 27, 2017, by Magistrate Judge Hodges, to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B) and Local Civil Rule 73.02(B)(2), DSC. In the R&R, the magistrate judge recommends that Plaintiff's case be dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted because it does not state any cognizable legal claim. ECF No. 8. Plaintiff timely filed objections to the R&R on January 8, 2018. ECF No. 11. Plaintiff also filed a motion to appoint counsel. ECF No. 13. These matters are now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo

1

or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. Plaintiff's objections largely restate his allegations from his complaint and do not address the legal deficiencies addressed by the magistrate judge in the R&R. After careful review, the Court finds Plaintiff's objections are without merit. Therefore, Plaintiff's objections to the R&R are **OVERRULED**.

Additionally, Plaintiff has requested that the court appoint counsel to represent him. While the Court may appoint counsel for indigents as allowed by 28 U.S.C. § 1915(e)(1), there is no reason to do so here. Courts should only appoint counsel in exceptional circumstances, as determined by two factors: "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989). When weighing these factors, courts should appoint counsel if "a pro se litigant has a colorable claim but lacks the capacity to present it." *Id*.

Applying these principles, Plaintiff is not entitled to counsel. As explained by the magistrate judge in the R&R, Plaintiff's claims lack merit. Moreover, this case is at the pleading stage where the complexity is not so great. *See, e.g., Banks v. Gore, et al*, 738 Fed. App'x. 766 (4th Cir. 2018). For these reasons, Plaintiff's motion to appoint counsel, ECF No. 13, is **DENIED**.

After careful review of the R&R and the objections, for the reasons stated by the magistrate judge and the reasons set forth in this opinion, the R&R is **ACCEPTED**. Plaintiff's objections to

the R&R are **OVERRULED**. Plaintiff's motion to appoint counsel is **DENIED**. Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED**.

<u>s/Terry L. Wooten</u><br>Terry L. Wooten<br>Chief United States District Judge

January 22, 2019  
Columbia, South Carolina